

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-21-2006

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5180

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Singh v. Atty Gen USA" (2006). *2006 Decisions.* Paper 167.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/167

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5180

BALWINDER SINGH,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of a Decision of
the Board of Immigration Appeals
BIA No. A97-435-315
(U.S. Immigration Judge Margaret Reichenberg)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2006
Before: SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed: November 21, 2006 )

OPINION OF THE COURT

PER CURIAM.

Balwinder Singh, a native and citizen of India, petitions for review of an order of

the Board of Immigration Appeals ("BIA") affirming the denial of his motion to continue

his immigration proceedings. We will deny the petition for review.

Singh came to the United States in 1997 as a non-immigrant visitor for pleasure. A notice to appear was issued in 2003. At a hearing in November 2003, Singh conceded, through counsel, that he was removable because he stayed here longer than permitted, and he failed to comply with the conditions of the non-immigrant status under which he was admitted.

The Immigration Judge ("IJ") continued Singh's immigration proceedings because in 2001 a prospective employer filed a petition for a labor certificate on his behalf with the Department of Labor which remained pending. If approved, Singh would then be able to file a visa petition, and upon approval of the visa petition, he would be able to apply to adjust his status. See Khan v. Attorney General, 448 F.3d 226, 228 n.2 (3d Cir. 2006) (explaining three-step process for employment-based permanent residency). Singh agreed with the IJ that if the petition was not approved by the next hearing, he would request voluntary departure.

At a hearing in February 2004, Singh's counsel informed the IJ that the petition for a labor certificate was forwarded to the Department of Labor's regional office in December 2003, and that the regional office took approximately 30 to 60 days to respond. Singh hoped the petition would be approved shortly and requested another continuance. In denying Singh's request, the IJ stated that approval of the labor petition was speculative, and that his prospective employer was unable to file a visa petition on his behalf unless the Labor Department granted his request. The IJ concluded that there was

insufficient reason to delay adjudication of the case and granted Singh voluntary departure.

On appeal, the BIA adopted and affirmed the IJ's decision. The BIA concluded that Singh had not shown good cause for a continuance, explaining that good cause does not include awaiting the results of a collateral event which may occur at some indefinite date in the future. The BIA also granted voluntary departure.

Singh filed a pro se petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Khan, 448 F.3d at 229. We review the denial of a continuance for an abuse of discretion. Id. at 233.[1]

Our decision in Khan controls the outcome of this case. The alien in Khan also was denied a continuance in his immigration proceedings while awaiting the Department of Labor's decision on his wife's application for an employment certification. Like Singh, the alien argued that the denial of a continuance was an abuse of discretion because it effectively denied him the benefit of seeking to adjust his status, and he should not be faulted for the delay in processing the labor certification.

We held in Khan that the IJ's decision to deny the alien's continuance request fell squarely within the IJ's broad discretion where the alien had not submitted a visa petition,

---

[1]Before the Court's decision in Khan, the Government filed a motion to dismiss the petition for review for lack of jurisdiction, or for summary affirmance, which was referred to this panel. In Khan, the Court rejected the Government's argument that the Court lacks jurisdiction to review the discretionary decision to deny a continuance. 448 F.3d at 230-33. The Government acknowledges our decision in Khan in its brief. We thus deny the motion to dismiss. The motion for summary affirmance is also denied.

3

which is a prerequisite to an adjustment of status. Id. at 234-35. We noted that the alien could not show that a visa would be available at some calculable time in the future, and that the alien was only able to tell the IJ that it usually took 45 days to get a response from the Department of Labor's regional office on a labor certification petition. Id. at 235. We concluded that there was only the speculative possibility that at some point in the future the alien's wife may receive labor certification. Id.

Singh also has not submitted a visa petition. Singh's counsel was only able to tell the IJ at the February 2004 hearing that the petition for a labor certificate was forwarded to the regional office in December 2003, and the regional office took approximately 30 to 60 days to respond. It does not appear that the regional office has yet to respond to Singh's petition. Like in Khan, there is only the speculative possibility that at some point in the future Singh may receive labor certification.

We conclude that the BIA did not abuse its discretion in affirming the IJ's denial of a continuance. Accordingly, we will deny the petition for review.